J-A14032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICK NOONE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AKSHAR LACKAWANNA STATION HOSPITALITY, L.P. AND NEXUS HOSPITALITY MANAGEMENT, LLC., | |
| Appellees | No. 2084 MDA 2015 |

Appeal from the Order Entered October 29, 2015
in the Court of Common Pleas of Lackawanna County
Civil Division at No.: 2013-458

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 19, 2016**

Appellant, Patrick Noone, appeals from the grant of summary judgment to Appellees in this premises liability case.[1]  We affirm on the basis of the trial court opinion.

There is no substantial dispute about the facts of this case.  In its opinion in support of the order granting summary judgment, the trial court fully and correctly sets forth the relevant facts and procedural history.  (**See**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although dated October 27, the trial court memorandum and order were filed and docketed on October 29, 2015.  We  have amended the caption accordingly.

Trial Court Opinion, 10/29/15, at 1-6).  Therefore, we have no reason to restate them at length here.

For the convenience of the reader, viewing the evidence in the light most favorable to Appellant as the non-moving party, we note briefly that on April 23, 2011 Appellant and his companions began a social evening around 10:30 p.m., in the Traxx Bar and Grille at the Radisson Station Hotel in Scranton, owned and managed by Appellees.

However, after several fights broke out, management notified the police, told its patrons to leave, and closed the bar early, around midnight. Appellant and his associates walked to another bar, the Backyard Alehouse, about two blocks away.  They left their car at the Radisson parking lot. Signage posted in the lot read "Parking while at the Radisson Hotel.  All others will be towed at vehicle owner's expense" and "Guest Parking, Unauthorized Vehicles Towed Away."  (*Id.* at 2).

The Backyard Alehouse closed at two in the morning.  When Appellant and his companions returned to the Radisson parking lot about 2:30 a.m. another fight broke out in the lot.  Someone (never identified) attacked Appellant from behind, apparently unprovoked.  Appellant suffered a triple fracture of the cheek bone, over one hundred stitches, scarring, jaw clicking, headaches, and related injuries.  Appellant brought suit against Appellees, essentially alleging negligent maintenance of security in the parking lot.

J-A14032-16

The trial court granted summary judgment in favor of Appellees. It reasoned that by keeping the car in Appellees' lot hours after they were told to leave, and did leave, Appellant (and his group) ceased being Appellees' business invitees. Further, lacking continued permission to be on the premises, sometime between midnight and 2:30 a.m. Appellant became a trespasser. The court concluded that because Appellant was a trespasser, Appellees' only duty was to avoid willful misconduct or wanton negligence. (*See* Trial Ct. Op., at 8, 10).

Appellant challenges the grant of summary judgment and raises two subsidiary questions on appeal:

> Whether the trial court erred in granting the Appellees' motion for summary judgment?
>
> (1) Whether the trial court erred by concluding that the Appellant was a trespasser versus business invitee?
>
> (2) Whether there exists [sic] genuine issues of material fact as to the Appellees' negligence for a jury to determine?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues Appellant has raised on appeal. The trial court opinion properly disposes of the questions presented. (*See* Trial Ct. Op., at 1, 5-10) (concluding: (1) after Appellees closed the bar, directing their patrons to leave, and Appellant and his companions left the premises to

- 3 -

go to another bar, he ceased to be a business invitee of Appellees; (2) Appellant (and his companions) left the car in the Radisson parking lot purely out of personal convenience rather than to re-patronize Appellees' bar; (3) by not removing the car after leaving Appellees' premises, Appellant became a trespasser; (4) Appellant failed to adduce evidence sufficient to support a finding that he remained a business invitee of Appellees; (5) Appellees had no duty to Appellant, as a trespasser, other than to avoid wanton or willful negligence or misconduct.

Further, the trial court noted that even though generally "the determination of whether an individual is an invitee, a licensee, or trespasser is a question for the jury," where the evidence is insufficient to support an issue, it may be appropriate for the court to remove that issue from the jury. (**Id.** at 6-7) (citations omitted).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016

- 4 -



| | |
|---|---|
| PATRICK NOONE, | In the Court of Common Pleas of Lackawanna County |
| Plaintiff, | |
| v. | |
| | Civil Division |
| AKSHAR LACKAWANNA COUNTY STATION HOSPITALITY, L.P. and NEXUS HOSPITALITY MANAGEMENT, LLC | |
| Defendants. | No. 2013-CV-458 |

## MEMORANDUM & ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BRAXTON, S.J.

### I. Introduction

On this motion for summary judgment, we consider whether a bar patron, initially a business invitee, becomes a trespasser when, after he is instructed to leave the bar and after the bar closes, he returns to the premises to retrieve his parked car. We are then asked, as the motion frames it, "Whether Defendants breached any duty of care owed to the plaintiff as a trespasser[.]" (Defs.' Mot. for S.J., p.2, 05/06/15) (capitalization omitted). After consideration of the motion, a response, briefs, oral argument, and the record as a whole, we find that: (1) this bar patron was a trespasser; and (2) Defendants breached no duty of care owed to the trespasser. Because Plaintiff has produced insufficient evidence of facts to make out a *prima facie* cause of negligence, we will grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's case.

### II. Factual Background

On the night of Saturday, April 23, 2011, Plaintiff Patrick Noone went out for an Easter Eve drink with some friends and family. (Deposition of Patrick Noone ("Noone



1

Depo."), pp.9-10:24-22, 08/19/13). A passenger in a friend's car, Noone arrived with his girlfriend and the friend to Traxx, a bar located inside the Radisson State Hotel in Scranton, between approximately 10:00 p.m. and 10:30 p.m. (*Id.* at 10:17-22; 15:15-17). Noone's friend parked the car in the hotel's parking lot, which bears several signs stating, in relevant part, "Parking While at the Radisson Hotel. All Others Will be Towed at Vehicle Owner's Expense." (*Id.* at 23:13-19; 25:20-22; 26-27:19-24; 60-63:5-7; Defs.' Mot. for S.J., Exs. 2-5). Noone, the friend, and Noone's girlfriend then entered the bar to meet several other friends and family members. (Noone Depo., pp.13-14:16-3).

Shortly after 11:30 p.m., one or two fights broke out among other bar patrons. (*Id.* at 15-18:24-23). People yelled, glasses broke, and police cars arrived outside the hotel. (*Id.* at 16:13; 19:11-13). Shortly after midnight, the lights of the bar flickered and bar staff told its patrons that the bar was closing. (*Id.* at 20:19-24). As a result, Noone, along with friends and family, left the Radisson and walked several blocks to the Backyard Alehouse, another bar located in downtown Scranton. (*Id.* at 21-22:10-1; 22:9-13).

Noone and company left the Backyard Alehouse at closing time, approximately 2:00 a.m. (*Id.* at 24:3-5). Noone then stopped for some street food and walked, along with his girlfriend and three friends, several blocks back to the car he had arrived in, which was still parked at the Radisson. (*Id.* at 26:1-13; 28:1-3). When they arrived to the car around 2:30 a.m., they came upon four men screaming at a girl who turned out to be Noone's friend's cousin. (*Id.* at 33:15-24). A fight quickly ensued, but Noone says he stayed away, perhaps within thirty feet. (*Id.* at 33-34:22-1). Nonetheless, one of the four men approached Noone. (*Id.* at 34:-3-4; 37:4-7). Noone told the man he "wasn't looking for trouble," and started walking toward the car in which he had arrived. (*Id.* at 34:4-7;

2

37:10-14). It was then that Noone was hit from behind. (*Id.* at 34:7-8; 37:19-21). He fell to the ground unconscious and remained so until an ambulance arrived. (*Id.* at 34:8-9; 37-38:22-3). As a result of the attack, Noone suffered multiple cheek bone fractures, over one-hundred stitches, scaring, jaw clicking, and headaches. (*Id.* at 49-56).

### III. Procedural History

On February 1, 2013, Noone began a negligence action against eight named defendants. By stipulation dated April 4, 2013, the action's caption was amended to include only Defendant Akshar Lackawanna County Station Hospitality, L.P., owner of the Radisson, and Defendant Nexus Hospitality Management, LLC, manager of the Radisson ("Defendants" or "the Radisson"). On June 19, 2013, Defendants filed their Answer and New Matter to which Noone answered on June 26, 2013.

Following the completion of discovery, Defendants filed their Motion for Summary Judgment on April 23, 2015 and their Brief in Support on May 6. Noone responded to the Motion on May 7 and filed his Brief in Opposition on June 24. Defendants filed a Reply Brief in Support of their Motion on June 26. Oral argument was held on July 2, and the matter is now ripe for review.

### IV. Standard of Review

A motion for summary judgment is "[a] request that the court enter judgment without a trial because there is no genuine issue of material fact to be decided by a fact-finder—that is, because the evidence is legally insufficient to support a verdict in the nonmovant's favor." *Black's Law Dictionary* 1038 (8th ed. 2004). In ruling on a motion for summary judgment, the trial court must review "all the evidence of record to determine whether there exists a genuine issue of material fact." *Criswell v. Atlantic*

3

*Richfield Co.*, 115 A.3d 906, 908-09 (Pa. Super. 2015) (quoting *Petrina v. Allied Glove Corp.*, 46 A.2d 795, 798 (Pa. Super. 2012) (citations omitted)). When doing so,

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

*Id.* at 909 (quoting *Petrina*, 46 A.2d at 798).

Rule of Civil Procedure 1035 governs motions for summary judgment and provides, in relevant part, as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1)    whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2)    if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. Our appellate courts have explained the application of this rule as follows:

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of a cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense,

4

which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense.

*Criswell*, 115 A.3d at 909 (quoting *Petrina*, 46 A.2d at 798).

## V. Discussion

### A. Noone was a trespasser.

It is undisputed that Noone was a business invitee upon his initial arrival to the Radisson at 10:30 p.m. However, his legal status upon returning to the bar premises over two hours after bar staff had told patrons to leave and after the bar had actually closed is a point of argument. While Defendants argue that Noone was a trespasser, Noone claims that "there is not a municipality in the Commonwealth of Pennsylvania that would consider [him] a trespasser under these circumstances." (Pl.'s Brief in Opp., p.8, 06/24/15). Noone is mistaken, as these circumstances command us to do just that.

"It has long been the law of this Commonwealth that the duty of a possessor of land towards a third person entering the land has been measured by the status of the entrant at the time of the accident." *Palange v. City of Phila., Law Dep't*, 640 A.2d 1305, 1308 (Pa. Super. 1994) (citing *Crotty v. Reading Indus., Inc.*, 345 A.2d 259, 262 (Pa. Super. 1975)), *appeal denied*, 666 A.2d 1057 (Pa. 1995). An entrant may be an invitee, a licensee, or a trespasser. *Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 84 (Pa. Super. 2015) (quoting *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983)), *appeal denied*, 117 A.3d 298 (Pa. 2015).

An "invitee" is either a public invitee or a business visitor. *Juszczyszyn v. Taiwo*, 113 A.3d 853, 856-57 (Pa. Super. 2015); *Palange*, 640 A.2d at 1307 (citing

5

Restatement (Second) of Torts § 332 (1965)). While a "public invitee" is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public, a "business visitor" is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. *Juszczyszyn*, 113 A.3d at 857; *Palange*, 640 A.2d at 1307 (citing Restatement (Second) of Torts § 332 (1965)). Conversely, a "licensee" is a person who is privileged to enter or remain on land only by virtue of the possessor's consent. *Juszczyszyn*, 113 A.3d at 857; *Palange*, 640 A.2d at 1307 (quoting Restatement (Second) of Torts § 332 (1965)). Finally, a "trespasser" is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. *Juszczyszyn*, 113 A.3d at 857 (quoting Restatement (Second) of Torts § 329 (1965)).

Particularly relevant here, the Restatement (Second) of Torts provides:

> The possessor of land is subject to liability to another as an invitee only for harm sustained while he is on the land within the scope of his invitation. Thus an invitee ceases to be an invitee after the expiration of a reasonable time within which to accomplish the purpose for which he is invited to enter, or to remain. Whether at the expiration of that time he becomes a trespasser or a licensee will depend upon whether the possessor does or does not consent to his remaining on the land.

Restatement (Second) of Torts, § 332 cmt. on subsection 3(l) (1965); *see also, e.g., Graham v. Sky Haven Coal, Inc.*, 563 A.2d 891 (Pa. Super. 1989) (a party can become a trespasser by ignoring a landowner's prohibition against entry).

Generally, in premises liability actions, "the determination of whether an individual is an invitee, a licensee, or trespasser is a question of fact for the jury." *Juszczyszyn*, 113 A.3d at 856-57 (citing *Palange*, 640 A.2d at 1307). However, "[w]here

6

the evidence is insufficient to support to support an issue, ... it may be appropriate for the court to remove that issue from the jury." *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 252 (Pa. Super. 2014) (quoting *Palange*, 640 A.2d at 1307).

Here, there is no question that Noone was a business invitee when he first arrived to the Radisson at 10:30 p.m. and entered the bar. He remained a business invitee at the Radisson until at least midnight, at which time bar staff began "flickering the lights" and "telling everyone to go, to get out." (Noone Depo, 20:22-24). Noone understood this meant the Radisson had "closed the bar," as he and his friends left shortly thereafter. (*Id.* at 19:3-4; 21:7-13). At that point, the purpose of Noone's visit to the Radisson, to drink with friends and family, was accomplished to the fullest extent allowed by the bar. As most bars in the Commonwealth are permitted to serve alcohol until 2:00 a.m., *see* 47 P.S. § 4-406(a)(2), Noone was free to extend his original purpose by having a few drinks with his friends at another establishment. He did just that at the nearby Backyard Alehouse until approximately 2:00 a.m.

Only at 2:30 a.m., at least two hours after Noone's initial business with the Radisson had concluded, did he return to the Radisson's premises. Based on the directives of Radisson employees and Noone's clear understanding of those directives, we have no reservations in concluding that Noone's business invitation to enter and remain on the Radisson's premises had expired well within that two hours, and that the Radisson in no way consented to bar patrons re-entering or otherwise remaining on its premises. Noone's own testimony illustrates that the decision to leave the car at the Radisson was one made purely out of convenience rather than to re-patronize the hotel

7

at a later point in the evening.[1] Consequently, we find that Noone was a trespasser upon his return to the Radisson at approximately 2:30 a.m., and that the evidence adduced otherwise is insufficient to support a finding that he remained a business invitee.

### B. Defendants breached no duty of care owed to Noone.

Defendants argue that they breached no duty of care owed to Noone as a trespasser. (Defs.' Mot. for S.J., p.2). Noone argues the contrary, namely that "Defendants took no action to protect anyone from the hazards of the dangerous people on its premises throughout the night, irregardless of whether they were business invitees, licensees, or trespassers." (Pl.'s Brief in Opp., p.12). On this point, we not only agree with the former, but we disagree with the latter.

"In Pennsylvania, a trespasser may recover for injuries sustained on land only if the possessor of land was guilty of wanton or willful negligence or misconduct." *Rossino v. Kovacs*, 718 A.2d 755, 756 (Pa. 1998) (citing *Engel v. Parkway Co.*, 266 A.2d 685, 687 (Pa. 1970)). Our Superior Court has defined these terms as follows:

> Willful misconduct is conduct of such a nature that the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow. Wanton misconduct refers to conduct wherein the actor intentionally performs an act of an unreasonable character in disregard to a risk known to him or so obvious that he must be taken to have been aware of it and so

---

[1]
Q: Why didn't you take your cars?
A: There was quite a few police officers all over the entrance to the Radisson. And parking usually is not – it's not very available on Linden Street. So it's only two blocks. So we just walked.
...
Q: Based upon your experience, you said that it might be difficult to get parking over on Linden Street?
A: Yes.
Q: Now, if you wanted to, could you have all got in your cars and driven out the exitway?
A: I believe so.

Noone Depo., 23:7-12; 23-24:20-2.

8

great as to make it highly probable that harm would follow. Wanton misconduct is ordinarily accompanied by a conscious indifference to the consequences and only exists where the danger to plaintiff is realized and is so recklessly disregarded that there is at least a willingness to inflict injury, if not the actual intent to do same.

*Dudley v. USX Corp.*, 606 A.2d 916, 921-922 (Pa. Super. 1992) (internal citation omitted), *appeal denied*, 616 A.2d 295 (Pa. 1992); *Ott v. Unclaimed Freight Co.*, 577 A.2d 894, 897 (Pa. Super. 1990) (quoting *Graham*, 563 A.2d at 896, 899).

Here, Noone's case rests on the premise that a business owner may be held liable for harm inflicted by a third party because the harm occurred on the owner's property. Essentially, he contends that the Radisson was on notice that its patrons could be harmed because of two fights that occurred earlier in the evening, and that such notice placed a duty upon the Radisson to protect its patrons from third party attacks. (Pl.'s Brief in Opp., p.12).

"Generally, there is no duty to control the acts of a third party unless the 'defendant stands in some special relationship with either the person whose conduct needs to be controlled or ... with the intended victim of the conduct, which gives the intended victim a right to protection.'" *Rabutino v. Freedom State Realty Co., Inc.*, 809 A.2d 933, 938 (Pa. Super. 2002) (quoting *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 40 (Pa. Super. 2000)). Special relationships have been found to exist in cases arising out of third party criminal conduct. Such relationships, however, have been found only where the entrant is a business invitee. *See Carpenter v. Penn Central Transp. Co.*, 409 A.2d 37 (Pa. Super. 1979) (transit authority liable for failure to provide adequate security in stations); *Murphy v. Penn Fruit Co.*, 418 A.2d 480 (Pa. Super. 1980) (shopping center liable for failure to provide security in parking lots); *Prather v. H-*

9

*K Corp.*, 423 A.2d 385 (Pa. Super. 1980); *Buck v. Hankin*, 269 A.2d 344 (Pa. Super. 1970) (restaurants liable for assaults committed on their premises).

In the matter *sub judice*, Noone's first problem is that he was a trespasser, thereby negating any "special relationship" analysis. Second, and perhaps more significant, Noone does not aver that his attacker was in any way involved with or connected to the two earlier fights at the Radisson. In short, he has produced no evidence to suggest that Defendants desired to bring about his unfortunate assault or that they were aware that it was substantially certain to occur. Nor has he produced evidence to suggest that Defendants acted with any sort of willingness whatsoever to inflict injury. In fact, the evidence shows that the Radisson acted accordingly just after midnight when, after the second fight, it alerted the police, told its patrons to leave, and closed the bar early. Simply stated, Defendants' actions simply do not rise to a level of "willful misconduct" or "wanton misconduct" under the law. These are the standards by which we are guided, and Noone has not satisfied them. We must therefore grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's case. An appropriate Order follows.

| PATRICK NOONE, | : | In the Court of Common Pleas |
| | : | of Lackawanna County |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Division |
| AKSHAR LACKAWANNA COUNTY | : | |
| STATION HOSPITALITY, L.P. and | : | |
| NEXUS HOSPITALITY | : | |
| MANAGEMENT, LLC | : | |
| | : | |
| Defendants. | : | No. 2013-CV-458 |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW, this 27th day of October, 2015, upon consideration of the Motion for Summary Judgment filed by Defendants on April 13, 2015, the response filed by Plaintiff Patrick Noone on May 7, 2015, briefs filed by the parties, oral argument, and the record as a whole, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**. Plaintiff's action is thereby **DISMISSED**.

BY THE COURT

_____, S.J.

John L. Braxton

cc:     *Written notice of the entry of the foregoing Order has been provided to each party pursuant to Pa.R.C.P. 236 by mailing or e-mailing time-stamped copies to:*

For Plaintiff:     Scott E. Schemerhorn, Esq., lawyer527@aol.com

For Defendant:     David E. Heisler, Esq. dheisler@c-wlaw.com

11